UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEAN RUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 1915 |
| v. | ) | |
| | ) | Judge Durkin |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER TO COMPLAINT

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

Plaintiff's own negligence contributed in whole or in part to the damages of which he complains, and the Illinois law on contributory fault, 735 ILCS 5/2-1116, applies to eliminate or reduce any recovery against the United States.

### Second Defense

Plaintiff is limited to a judgment, if any, in an amount not to exceed the amount of the administrative tort claim he filed with the Postal Service. 28 U.S.C. § 2675.

### Third Defense

Any recovery by plaintiff should be eliminated or reduced by amounts paid by insurance and governmental benefit programs. 735 ILCS § 5/2-1205.

### Fourth Defense

Plaintiff's damages should be reduced to the extent that he failed to exercise reasonable diligence and ordinary care to mitigate his damages.

**Fifth Defense**

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

**JURISDICTION & VENUE**

1. **Complaint:** This tort action is a monetary claim for personal injury caused by the negligent or wrongful act or omission of an employee of the United States of America while acting within the scope of his office or employment.

   **Response:** Admit.

2. **Complaint:** This matter is being brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680, which governs tort claims against the United States of America exclusively.

   **Response:** The United States admits that this action is being brought under the Federal Tort Claims Act and that this court has exclusive jurisdiction over suits brought pursuant to the Federal Tort Claims Act.

3. **Complaint:** This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1346(b).

   **Response:** Admit.

4. **Complaint:** Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b), as the act or omission at issue occurred within the Northern District of Illinois.

   **Response:** The United States admits that this court is the proper venue for the present lawsuit.

5. **Complaint:** An administrative claim was presented in writing to the federal agency employing the person whose act caused plaintiff's damages, the United States Postal Service, on May 8, 2020. The United States Postal Service failed to make final disposition of the claim within six months after it was filed, or by November 8, 2020. Therefore, the plaintiff-claimant deems this lack of a response as a final denial of the claim pursuant to 28 U.S.C. § 2675(a).

   **Response:** Admit.

## FACTUAL ALLEGATIONS

6. **Complaint:** On July 19, 2019, the plaintiff, Dean Rust, was the owner or lessor of a motor vehicle traveling northbound on Waukegan Road at Walnut Circle, in Northbrook, Illinois, and was at all times in the exercise of due care and caution for his own safety and for the safety of others.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

7. **Complaint:** On said date and at said time and place, the defendant, through its employee agent, U.S. Postal Service worker Tausif Fefrawla, operated and controlled a United States Postal Service truck traveling southbound on Waukegan Road at Walnut Circle, in Northbrook, Illinois.

**Response:** Admit that Tausif Fefrawala, was operating a USPS postal truck going southbound on Waukegan Road in Northfield Township, Cook County, Illinois, on July 19, 2019, but deny that plaintiff's complaint correctly spells the postal driver's last name and further clarify that the driver's last name is spelled Fefrawala.

8. **Complaint:** The defendant, through its employee agent, had a duty to operate its said motor vehicle in a safe and lawful manner.

**Response:** Admit.

9. **Complaint:** The defendant, through its employee agent, was guilty of one or more of the following acts and/or omissions:

(a) Operated said motor vehicle without keeping a proper and sufficient lookout for other motor vehicles in and about the area;
(b) Proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions;
(c) Failed to decrease the speed of said motor vehicle so as to avoid colliding with another motor vehicle;
(d) Failed to keep said motor vehicle under proper control and failed to stop, slow down or otherwise alter the speed, movement or direction of said vehicle when danger of collision with a motor vehicle, was imminent;
(e) Failed to give audible warning with said vehicle's horn of the approach of said motor vehicle, although such warning was necessary to ensure the safe operation of said vehicle, and;
(f) Failed to yield the right of way to oncoming traffic when making a left turn.

**Response:** Deny.

10. **Complaint:** As a proximate result of the careless and negligent acts of the defendant, the vehicle of the defendant collided with the vehicle of the plaintiff, causing the plaintiff, Dean Rust, to sustain personal injuries, and the plaintiff was required to pay for the cost of medical treatment received to treat those injuries.

**Response:** Deny.

11. **Complaint:** At all times material hereto, GEICO had a policy of collision insurance issued and in effect to and for the plaintiff, Dean Rust.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

12. **Complaint:** Pursuant to this policy of collision insurance, GEICO became liable and paid to or for the benefit of its insured, Dean Rust.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

13. **Complaint:** By reason of the above payments, GEICO became subrogated and is the actual bona fide subrogee of the rights of its insured, Dean Rust.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

WHEREFORE, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/Valerie R. Raedy
    VALERIE R. RAEDY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-8694
    valerie.raedy@usdoj.gov